IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JASON MAZUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-018 |
| | ) | |
| DWAYNE BLAIR, Warden of Care and | ) | |
| Treatment; RALPH KEMP, Warden of | ) | |
| Wheeler Correctional Facility; ROBERT | ) | |
| ROSIER, Warden of Security; MR. | ) | |
| HARMOND, Property Control Officer; | ) | |
| CHARLOTTE ALDRICH, Mailroom | ) | |
| Supervisor; SARAH FAULK, Mailroom | ) | |
| Assistant; WHEELER CORRECTIONS | ) | |
| FACILITY; CORRECTIONAL | ) | |
| CORPORATION OF AMERICA; | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; and JAMES DONALD, | ) | |
| Commissioner of the Georgia Department | ) | |
| of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The Magistrate Judge recommended that Defendants Donald, Rosier, Kemp, Blair, Georgia Department of Corrections ("GDC"), Correctional Corporation of America ("CCA") and Wheeler Correctional Facility ("WCF") be dismissed from the case, concluding that Plaintiff had failed to state a claim against these Defendants. (Doc. no. 8). Plaintiff raises several

objections to the R&R; one of his objections merits further comment.

Plaintiff argues that the R&R does not mention his claims regarding group punishment by the WCF staff members. The R&R provides that Plaintiff alleged:

> Around November 1, 2007 a representative for Defendant Donald, from Inmate Affairs, came to WCF under the pretense of investigating and trying to resolve his grievance. Plaintiff claims that it was a pretense because in actuality this representative came for the purpose of "coercing the whole dorm." However, Plaintiff's complaint is unclear regarding the alleged coercion. Plaintiff simply states, "In actuality, the person tried to coerce the whole dorm all day if the guilty party isn't pointed out or continues to refuse to step forward."

(Doc. no. 8, p. 4). Additionally, the R&R provides:

> Finally, Plaintiff concludes by noting that the staff at WCF are notorious for using group punishment and employing such methods to create strife and disagreement among the inmates. Plaintiff seeks monetary and injunctive relief.

(Id. at 5). As the Magistrate Judge noted, Plaintiff's first mention of group punishment is unclear at best. More importantly, as noted in the R&R, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). In the absence of an allegation of any such connection between any actions of WCF staff members with the alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. Although Plaintiff stated that an individual "tried to coerce the whole dorm all day," he does not allege that this attempted coercion was successful, nor that he suffered any injury. Furthermore, simply making a conclusory statement that the "staff at WCF are notorious for using group punishment," is insufficient to state a viable § 1983 claim.

2

Crawford-El v. Britton, 523 U.S. 574, (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury"). The remainder of Plaintiff's objections are overruled.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendants Donald, Rosier, Kemp, Blair, GDC, CCA and WCF are **DISMISSED** from the case.

SO ORDERED this _____ day of September, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE